STATE of Minnesota, Respondent,

v.

Derrick Eugene BRADLEY, Appellant.

No. C0–98–2382.

Court of Appeals of Minnesota.

May 11, 1999.

Mike Hatch, Attorney General, St. Paul, MN (for respondent)

Amy Klobuchar, Hennepin County Attorney, Gayle C. Hendley, Assistant County Attorney, Minneapolis, MN (for respondent)

John M. Stuart, State Public Defender, Theodora Gaitas, Assistant Public Defender, Minneapolis, MN (for appellant)

Considered and decided by LANSING, Presiding Judge, SCHUMACHER, Judge, and WILLIS, Judge.

## OPINION

LANSING, Judge.

In an appeal from the execution of his stayed first-degree assault sentence, Derrick Bradley asserts that, because the necessity for confinement did not outweigh policies favoring probation, the district court abused its discretion by not continuing the stay. The court properly applied the extended jurisdiction juvenile statute and did not abuse its discretion. We affirm.

## FACTS

The district court found that Derrick Bradley violated conditions of his probation under the extended jurisdiction juvenile statute and executed his 150–month sentence. Bradley

was on probation for shooting and seriously injuring a man on December 12, 1995. He was charged with second-degree murder and pleaded guilty to first-degree assault. Bradley was designated an extended jurisdiction juvenile under Minn.Stat. § 260.126, subd. 1(2) (1994). The court's disposition stayed execution on his 150–month adult sentence and ordered Bradley to complete a program in a locked treatment facility.

After completing the treatment program, Bradley committed a number of probation violations. At a dispositional review hearing in March 1998, the court found Bradley had not complied with his probation conditions and warned him that any future violation would result in the revocation of his extended jurisdiction juvenile status. Following the review hearing, he tested positive for cocaine in a urinalysis test and was also arrested for assaulting his girlfriend. Bradley pleaded guilty to a reduced charge of disorderly conduct, but failed to appear for sentencing. At a dispositional hearing review in October 1998, the district court found Bradley violated his probation by testing positive for cocaine. The court revoked Bradley's probation and executed his 150–month sentence. Bradley appeals his probation revocation.

## ISSUE

Did the district court abuse its discretion by revoking Bradley's extended jurisdiction juvenile probation and executing his 150–month sentence?

## ANALYSIS

■ When a juvenile offender is sentenced under subdivision 1, clause 2, of the extended jurisdiction juvenile statute and later violates probationary conditions of a stayed sentence, the statute requires the court to execute the sentence unless it makes findings that mitigating factors justified a continued stay. The statute provides:

> If the offender was convicted of an offense described in subdivision 1, clause (2), and the court finds that reasons exist to revoke the stay, *the court must order execution* of the previously imposed sentence unless the court makes written findings regarding the

mitigating factors that justify continuing the stay.

Minn.Stat. § 260.126, subd. 5 (1998) (emphasis added); *see* Minn. R. Juv. P. 19.09, subd. 3(C)(2) ("the court shall order the execution of the sentence or make written findings indicating the mitigating factors that justify continuing the stay").

■ A district court has broad discretion in determining whether to revoke probation and execute a sentence for adult offenders and will be reversed only if the court abused its discretion. *State v. Austin*, 295 N.W.2d 246, 249–50 (Minn.1980). In considering sentence revocation under the extended jurisdiction juvenile statute, however, the court's discretion must be exercised consistently with the provisions of Minn.Stat. § 260.126, subd. 5. That section requires the court to execute the juvenile's stayed sentence if the juvenile violates probation, unless the court makes written findings that justify continuing the stay. Minn.Stat. § 260.126, subd. 5. The statutory factors provided under the extended jurisdiction juvenile statute are distinct from the common law factors enumerated in *Austin*. Under *Austin*, the state must demonstrate that an adult offender intentionally violated parole and that public policy favors incarceration, and the court must make written findings supporting revocation. 295 N.W.2d at 250.

Bradley relies on *Austin* to assert the court abused its discretion by failing to make findings that the need for his confinement outweighed the policies favoring probation. *See id.* (court must designate conditions violated, find violation was intentional or inexcusable, and "find that need for confinement outweighs the policies favoring probation"). But the *Austin* factor that weighs confinement against probation policy is not easily reconciled with the specific requirement of the extended jurisdiction juvenile statute. The policy expressed in the extended jurisdiction juvenile legislation is that a violation of probation results in revocation unless the court finds mitigating circumstances. *See* Minn.Stat. § 260.126, subd. 5; *Minnesota Supreme Court Advisory Task Force on the Juvenile Justice System, Final Report* 33 (1994) (proposed new category of disposition,

subsequently enacted by legislature as the extended jurisdiction juvenile statute, was to "give the juvenile one last chance at success in the juvenile system, with the threat of adult sanctions as an incentive not to reoffend"). Because of the specific requirements of the extended jurisdiction juvenile statute, the district court appropriately omitted findings and consideration of whether confinement outweighs the policy favoring probation.

Bradley has not shown that the court abused its discretion. Bradley violated his probation conditions, and the court executed his sentence. The court had already given Bradley a second chance to succeed on probation. At his previous dispositional review hearing the court continued the stayed sentence on the condition that Bradley commit no further probation violations. The court did not abuse its discretion by revoking probation when Bradley again violated the conditions by committing a new offense and testing positive for cocaine.

## DECISION

The district court did not abuse its discretion by revoking Bradley's probation and executing his 150–month sentence.

**Affirmed.**